UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

VICENZO GRANDE,

Case No.:

Plaintiff,

vs.

HOMESPIRE MORTGAGE CORPORATION,
a foreign profit corporation, doing business
in the State of Florida,

Defendant.
_______________________________/

**VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, Vicenzo Grande ("Grande" or "Plaintiff"), by and through the undersigned attorneys files this complaint and sues the Defendant, HOMESPIRE MORTGAGE CORPORATION ("Homespire" or "Defendant"), for violations of Title VII of the Civil Rights Act of 1964, Title 42 United States Code Section 2000e *et seq*, based on gender discrimination, based on hostile work environment, quid pro quo sexual harassment, and retaliation and in support would state as follows:

## JURISDICTION

1. This Court has jurisdiction over the subject matter of this lawsuit under 28 U.S.C. § 1337 and Title VII of the Civil Rights Act of 1964, Title 42, United States Code, Section 2000e-16.

## CONDITIONS PRECEDENT

2. All conditions precedent have been met, waived or otherwise excused. Grande filed a timely Complaint with the EEOC and received a Right to Sue Letter followed by the timely initiation of this lawsuit.

## VENUE

3. Venue is proper in the United States District Court for the Middle District of Florida in that the Plaintiff was employed as a Area Sales Manager for the Defendant and worked in St. Johns County Florida, and all of the acts of discrimination took place in this jurisdiction.

## PARTIES

4. Grande, the Plaintiff, was an employee with the Defendant between September, 2021 and December 2021, until his wrongful termination.

5. Defendant is a mortgage company that does business in the State of

Florida, and has its main offices in the State of Maryland, and engaged in business in this County. At all times, John Russo, Supervisor, and Area Market Manager had supervisory control over Plaintiff, and management was aware of the improper treatment and did little to nothing to prevent it despite Plaintiff's repeated complaints.

## INTRODUCTION

6. Defendant was a dedicated employee, who was happily married for fourteen years with a wonderful family, who has had career and dreams destroyed and his life made a living hell by a brutal pattern of sexual harassment, discrimination, and retaliation of the sexual harassment by John Russo ("Russo") used his position to take advantage of Plaintiff, and this included:

A. Quid Pro Quo sexual harassment wherein he was punitively retaliated against because of his reaction to sexual harassment and his refusal to give in to sexual advances by Russo;

B. Hostile work environment from the sexual harassment that included sexual assaults, and sexual advances that were so severe and pervasive as to alter his work environment; and

C. Retaliation in that the Plaintiff made complaints to management, and Plaintiff was terminated.

**The Facts of the Sexual Harassment and Retaliation**

7. Russo sexually harassed the Plaintiff on several occasions,. In December 2021.

8. The first incident occurred when the Plaintiff went to a bar adjacent to the restaurant where Russo was buying drinks for employees. Russo offered me a shot and said, "Let's have a night we will never forget"; While pointing towards his genitals.

9. The second incident occurred when they were at a restaurant. They sat next to each other in the back middle of the table, and Russo pointed for me to sit next to him in front of other employees. During the meal, he made several jokes that were inappropriate and sexual in nature describing sexual fantasies and threesomes, and at one point, Russo without permission put his hand on my knee towards Plaintiff's genitals. This unwanted battery upon the Plaintiff was done without permission, and Plaintiff made it known to him to cease his behavior.

10. The third incident occurred during an end-of-year sales meeting in Winter Park, Florida. Russo was heavily intoxicated and made a lewd sexual comments to Plaintiff, suggesting that Plaintiff spend the night with him since his boyfriend was away. Plaintiff declined and left the party before it officially ended. However, Plaintiff received a call from Russo, the following day, stating that our values did not align, and Plaintiff was terminated from his job.

**COUNT I.**

QUID PRO QUO

BASED ON GENDER IN VIOLATION OF TITLE VII

11. Plaintiff re-alleges Paragraphs 1-10, as if fully set forth herein.

12. Plaintiff is a male, and the Defendant willfully discriminated against the Plaintiff by the Defendant by being retaliated against as a result of his non-compliance of sexual harassment advances by Russo, and complaints to Management.

13. The Defendant intentionally discriminated against Plaintiff in terms and conditions of his employment because of his refusal to surrender to quid

pro quo gestures of sexual interest by a supervisor, Russo and his reaction to said harassment.

14. As a direct and proximate result of said discrimination by the Defendant, Plaintiff has suffered damages.

WHEREFORE, Plaintiff demands judgment for damages against the Defendant, including monetary damages, including but not limited to compensatory damages, back pay and benefits, future pay and benefits, prejudgment interest, and attorney's fees and costs, and other available relief as the Court deems just and proper.

**COUNT II**

HOSTILE WORK ENVIRONMENT BASED UPON GENDER IN VIOLATION OF TITLE VII

15. Plaintiff re-alleges Paragraphs 1-10, as if fully set forth herein.

16. Plaintiff is a male, and the Defendant willfully discriminated against the Plaintiff due to his gender.

17. Plaintiff was subjected to a hostile work environment that was both severe and pervasive and altered his work environment.

18. This hostile work environment was created based on harassment of

his gender.

19. As a result, Plaintiff has suffered permanent damages.

WHEREFORE, Plaintiff demands judgment for damages against the Defendant, including monetary damages, including but not limited to compensatory damages, back pay and benefits, future pay and benefits, prejudgment interest, and attorney's fees and costs, and other available relief as the Court deems just and proper.

**COUNT III**

RETALIATION IN VIOLATION OF TITLE VII

(Sexual Harassment)

20. Plaintiff re-alleges Paragraphs 1-10, as if fully set forth herein.

21. Plaintiff engaged in protected activities in the form of filing his Complaints with Management, Supervisors, and Human Resources.

22. As a direct and proximate result of his engaging in his protective activities and in direct retaliation for his engaging in his protected activities, the Plaintiff was subjected to adverse employment action in the form of punitive alteration of work environment in a tangible way, denial of employment

opportunities, and deprivation of benefits.

23. As a direct and proximate result, Plaintiff has suffered permanent damages.

WHEREFORE, Plaintiff demands judgment for damages against the Defendant, including monetary damages, including but not limited to compensatory damages, back pay and benefits, future pay and benefits, prejudgment interest, and attorney's fees and costs, and other available relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury of all issues triable as of right by jury.

## VERIFICATION

**STATE OF FLORIDA )**
**)SS**
**COUNTY OF _______. )**

**BEFORE ME** the undersigned authority, personally appeared VINCENZO GRANDE who, after being duly cautioned and who deposes and says that he has read the above Complaint attached

hereto, and that the information contained in the Complaint is true and correct.

VICENZO GRANDE

**The** foregoing instrument is sworn to and subscribed before me this 10 day of March, 2023, by VICENZO GRANDE, who is

1. ______. Personally known to me,
2. ✓, who has produced the following identification:

✓ Drivers License. FL DL G653860774040

GIVEN UNDER MY HAND AND OFFICIAL SEAL THIS 10 DAY OF March, 2023.

NOTARY PUBLIC OF FLORIDA AT LARGE

MY COMMISSION EXPIRES:

LENA M. HULL
Commission # GG 383255
Expires September 30, 2023
Bonded Thru Troy Fain Insurance 800-385-7019

DATED March, 20, 2023.

Respectfully submitted,

DISCRIMINATION LAW

CENTER, P.A.
433 PLAZA REAL, Suite 275
Boca Raton, Florida 33432
(561) 271-1769 tel.

By: /s/ Jay F. Romano
Jay F. Romano
Lead Counsel
Florida Bar No.: 0934097

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing has been furnished via CM/ECF this 20th day of March, 2023 to Clerk of Court.

By: /s/ Jay F. Romano
Jay F. Romano

*Trial Attorney*
Florida Bar no.: 0934097

DISCRIMINATION LAW CENTER, P.A.
433 Plaza Real
SUITE 275
BOCA RATON FLORIDA 33432
561 271 1769